"O"

FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

JUN - 8 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GARY MILOT, | ) | Case No. CV 08-3814-SGL (RNB) |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER ADOPTING FINDINGS, |
| vs. | ) | CONCLUSIONS, AND |
| | ) | RECOMMENDATIONS OF UNITED |
| | ) | STATES MAGISTRATE JUDGE |
| BRIAN HAWS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the pleadings and papers herein, including the Magistrate Judge's Report and Recommendation. Objections to the Report and Recommendation have been filed by respondent, and the Court has made a *de novo* determination of those portions of the Report and Recommendation to which objections have been made.

1

1. ***Respondent's objection to the Magistrate Judge's finding that petitioner has a liberty interest in parole suitability***

Respondent contends that petitioner "failed to present a federal question for habeas corpus review because he does not have a federally protected liberty interest in parole release." (See Objs. at 2). As respondent is compelled to acknowledge, however, Ninth Circuit cases have repeatedly held that, as a matter of clearly established Supreme Court law, California's parole scheme gives rise to a cognizable liberty interest in release on parole that is protected by the Due Process Clause. See Irons v. Carey, 505 F.3d. 846, 850 (9th Cir. 2007) (as amended), denial of rehearing en banc at 506 F.3d 846 (9th Cir. 2007); Sass v. Cal. Bd. of Prison Terms, 461 F.3d 1123, 1128 (9th Cir. 2006); McQuillion v. Duncan, 306 F.3d 895, 901-02 (9th Cir. 2002); see also Caswell v. Calderon, 363 F.3d 832, 838 (9th Cir. 2004); Biggs v. Terhune, 334 F.3d 910, 914 (9th Cir. 2003).

Respondent's objection based on the pendency of Hayward v. Marshall, 512 F.3d 536 (9th Cir.), reh'g en banc granted, 527 F.3d 797 (2008), must also be rejected. While the Hayward en banc panel may overrule earlier Ninth Circuit decisions, until such time if any as the Hayward en banc panel does so, this Court is bound to follow existing Circuit precedent in the absence of an intervening contrary Supreme Court decision. Respondent is unable to point to any such intervening contrary Supreme Court decision.

Finally, to the extent respondent contends that California's parole scheme does not give rise to any liberty interest in the setting of a parole date (see Objs. at 4), the California Supreme Court has held otherwise. See In re Lawrence, 44 Cal. 4th 1181, 1212, 82 Cal. Rptr.3d 169, 190 P.3d 535 (2008) ("In Rosenkrantz, supra, 29 Cal.4th 616, 128 Cal. Rptr.2d 104, 59 P.3d 174, we expressly recognized that judicial review of a Governor's parole decision for adherence to both statutory and constitutional mandates was both (a) contemplated by the governing statutes and

the California Constitution, and (b) integral to protecting an inmate's constitutional liberty interest in the setting of a parole date.").

2.  ***Respondent's objection to the Magistrate Judge's application of the California Supreme Court's state standard of judicial review to litigate whether the state court decisions were contrary to or an unreasonable application of clearly established United States Supreme Court law***

Respondent divides this section of the Objections into three subsections.

*A.* In subsection A, respondent contends that the "some evidence" standard of review is not clearly established Supreme Court law in the parole suitability context. (See Objs. at 5). However, Ninth Circuit cases have held otherwise. Specifically, the Ninth Circuit repeatedly has held that, as a matter of clearly established Supreme Court law, the Board's or Governor's decision to deny parole must be supported by "some evidence" with some indicia of reliability and cannot otherwise be arbitrary, as a matter of clearly established Supreme Court law. See Irons, 505 F.3d at 851; Sass, 461 F.3d at 1129 (quoting Superintendent v. Hill, 472 U.S. 445, 457 (1985)); Jancsek, 833 F.2d at 1390 (adopting the Hill standard); see also Biggs, 334 F.3d at 915; McQuillion, 306 F.3d at 904. Until such time as the cases so holding are overruled by an en banc Ninth Circuit decision or the Supreme Court has issued a contrary intervening decision, this Court is bound to follow those cases.

*B.* In subsection B, respondent contends that there is no clearly established federal law holding that a parole suitability decision relying on the commitment offense and other pre-offense factors to deny parole violates federal due process. (See Objs. at 6-8). This is a red herring argument because the Magistrate Judge acknowledged this fact in his Report and Recommendation. (See R&R at 15-16).

*C.* In subsection C, respondent contends that the California Supreme

3

Court's decision in Lawrence has no bearing on whether relief should be granted under the AEDPA. (See Objs. at 8-10). This Court disagrees. Under Irons, the analysis of whether the Board's or the Governor's unsuitability determination is supported by "some evidence" is framed by the "statutes and regulations governing parole suitability" determinations in California. 505 F.3d at 851. First, this Court must determine the findings "necessary to deem a prisoner unsuitable for parole." Then, this Court must review the record to determine whether the state court's decision holding that these findings were supported by "some evidence" constituted an unreasonable application of the "some evidence" standard. See id. at 851. In Lawrence, the California Supreme Court clarified what findings are necessary to deem a prisoner unsuitable for parole under California's statutes and regulations governing parole suitability. This Court is bound by the California Supreme Court's construction of its own laws. See Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991); see also Bradshaw v. Richey, 546 U.S. 74, 76, 126 S. Ct. 602, 604, 163 L. Ed. 2d 407 (2005).

Notably, a number of other federal district courts in California have come to the same conclusion that, under Irons, Lawrence governs the application of the "some evidence" standard. See, e.g., Adams v. Schwartz, 2008 WL 4224561, at *12-*13 (E.D. Cal. Sept. 12, 2008) (granting habeas relief, citing In re Lawrence and describing some evidence standard as requiring that "an inmate poses a current threat to public safety, rather than some evidence of the existence of a statutory unsuitability factor"), Report and Recommendation adopted at 2008 WL 4601088 (Oct. 14, 2008); Tash v. Curry, 2008 WL 3984597, at *4, *10-*12 (N.D. Cal. Aug. 27, 2008) (granting habeas relief, citing Irons's direction to look to California law and analogizing case to In re Lawrence); see also Ortega v. Dexter, 2008 WL 5263833, at *6 (C.D. Cal. Dec. 16, 2008) (denying habeas relief, but citing In re Lawrence and describing some evidence standard as "not whether the evidence

supported any particular factor regarding parole suitability, but rather whether 'some evidence' indicates the prisoner's release unreasonably would endanger public safety").

In addition, there have been at least two other cases that post-dated the Magistrate Judge's Report and Recommendation in which the district courts came to the same conclusion regarding Lawrence. See Moore v. Marshall, No. EDCV 07-1481-MMM (CT), 2009 WL 363280, at *1 (C.D. Cal. Feb. 12, 2009) (denying habeas relief, but rejecting respondent's argument that Lawrence "does not impact" petitioner's request for habeas relief since Irons directs that the federal court's analysis of some evidence is framed by state law); Ally v. Mendoza-Powers, No. 1:06-CV-00414 AWI JMD HC, 2008 WL 4330404, at *4, *6 (E.D. Cal. Sept. 18, 2008) (denying habeas relief, but recognizing that Lawrence constitutes part of California law that frames application of some evidence standard under Irons), Report and Recommendation adopted at 2009 WL196335 (Jan. 28, 2009).

3. ***Respondent's objection to the Magistrate Judge's proposed remedy***

Respondent contends that the remedy ordered is improper for several reasons. First, while acknowledging that there is "no decisional law on point," respondent contends that "related federal authorities" suggest that an inmate's remedy is limited to a new parole consideration hearing before the Board that comports with due process. Second, respondent contends that under "Marsy's Law" (passed by voters in the November, 2008, election),[1] the Board is required to provide 90 days' notice to the victim's next of kin and that the recommended order for the hearing to be held within 30 days is an insufficient amount of time for the

---

[1] Proposition 9, inter alia, amended Cal. Penal Code § 3043(a)(1), effective November 5, 2008, to provide the victim or next of kin, upon request, 90 days notice of "any hearing to review or consider the parole suitability or the setting of a parole date for any prisoner in a state prison shall."

5

Board to comply with that notice provision.  Finally, respondent contends that, since conditions and length of a state parole term are matters of state law, this Court cannot order that petitioner be credited time against his parole term.  (See Objs. at 10-12).

As to respondent's first contention, federal habeas courts have "broad discretion in conditioning a judgment granting habeas relief" and in "dipos[ing] of habeas corpus matters 'as law and justice require.'"  See Hilton v. Braunskill, 481 U.S. 770, 775, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987); Burnett v. Lampert, 432 F.3d 996, 999 (9th Cir. 2005) (federal courts "have a fair amount of flexibility in fashioning specific habeas relief"); Sanders v. Ratelle, 21 F.3d 1446, 1461 (9th Cir. 1994) ("A federal court is vested with the largest power to control and direct the form of judgment to be entered in cases brought up before it on habeas corpus.") (internal quotations and citations omitted).

In the context of parole decisions that violate due process, there is no federal law holding that the only remedy available to a federal habeas court is a remand to the Board for a new hearing.  Indeed, in McQuillion v. Duncan, 342 F.3d 1012, 1015 (9th Cir. 2003), where the Ninth Circuit affirmed the district court's finding that the Board's 1994 parole grant was rescinded in violation of due process, the Ninth Circuit upheld the district court's order requiring the inmate's immediate release.[2]  See also Adams v. Schwartz, No. CIV S-05-2237 JAM JFM P, 2008 WL 4224561, at *16 (E.D. Cal. Sept. 12, 2008) (petitioner ordered immediately released where 2002 parole grant was rescinded in violation of due process), Report and Recommendation adopted at 2008 WL 4601088 (Oct. 14, 2008);

---

[2]  Respondent attempts to distinguish McQuillion on the basis that there the inmate already had been found suitable for parole and the issue was the propriety of a parole rescission hearing after the parole grant.  It is a distinction without a difference.  Here, as in McQuillion, the issue presented is whether the decision that led to the petitioner's continued incarceration was supported by "some evidence."

6

1  Opalec v. Curry, 556 F. Supp. 2d 1036, 1045 (N.D. Cal. 2008) (district court
2  ordered Board to calculate a term and set a release date within 60 days of the
3  order); Masoner v. State, No. CV 03-1261-ER, 2004 WL 1080177, at *2 (C.D. Cal.
4  Jan. 23, 2004) (district court ordered Board to grant inmate a parole date within 30
5  days "unless legitimate post-conviction evidence [could] be found to suggest that
6  his release would pose a danger to public safety").

    Additionally, respondent's assertion that "California law supports the proposition that the proper remedy for a violation of due process is remand to the Board to hold a new hearing in accordance with due process without restriction" (see Objs. at 11 at n.6) cannot be reconciled with recent decisions by California appellate courts that have not remanded to the Board to hold a new hearing "in accordance with due process without restriction." See, e.g., In re Rico, - Cal. App. 4th -, 2009 WL 470874, at *19 (Feb. 26, 2009) (rejecting same contention as respondent is making here and directing Board to conduct a new parole suitability hearing within 30 days and to find petitioner suitable for parole "unless either previously undiscovered evidence or new evidence subsequent to the 2007 parole hearing, regarding his conduct, circumstances, or change in his mental state, supports a determination that he currently poses an unreasonable risk of danger to society if released on parole"); In re Gaul, 170 Cal. App. 4th 20, 87 Cal. Rptr. 3d 736 (2009) (directing Board to hold new hearing within 30 days of finality of decision and to find inmate suitable for parole unless new evidence of conduct or change in mental state after 2007 parole consideration hearing is introduced and is sufficient to support a finding of current dangerousness); In re Singler, 169 Cal. App. 4th 1227, 87 Cal. Rptr. 3d 319 (2008) (same remedy, where as here petitioner had never before been found suitable); see also In re Vasquez, 170 Cal. App. 4th 370, 387, 87 Cal. Rptr. 3d 853 (2009) (reversing Governor's decision overturning Board's parole grant and reinstating Board's parole release order); In re Aguilar,

7

168 Cal. App. 4th 1479, 1491, 86 Cal. Rptr. 3d 498 (2008) (reversing Governor's decision overturning parole grant, reinstating Board's parole release date, and ordering inmate released forthwith pursuant to conditions set forth in Board's 2005 decision finding inmate suitable for parole).[3]

With respect to respondent's second argument, there appears to be no reason to allow the Board 120 days, as respondent requests, "to allow the Board sufficient time to comply with Marsy's Law." In the first place, the hearing on remand will be limited only to finding petitioner suitable for parole in the absence of any evidence since his 2007 hearing that is sufficient to support an unsuitability finding. The victim's family is not likely to have anything relevant to contribute on whether any evidence <u>since his 2007</u> hearing supports an unsuitability finding. Second, California state courts are not giving Boards periods of time long enough to comply with Marsy's Law. <u>See</u>, <u>e.g.</u>, <u>In re Rico</u>, 2009 WL 470874, at *19

---

[3] In fact, the futility of remanding a parole case for "re-review" when the habeas court already has reviewed the evidence and found it insufficient to sustain an unsuitability finding has not escaped the state or federal courts. See <u>Blankenship v. Kane</u>, No. C 04-5450 CW, 2007 WL 2214102, at *3-*4 (N.D. Cal. July 30, 2007) (amending district court's own original order so that Governor was not given opportunity to re-review Board's suitability finding, adopting reasoning of state court decision that "since we have reviewed the materials that were before the Board and found no evidence to support a decision other than the one reached by the Board, a remand to the Governor . . . would amount to an idle act"); <u>Aguilar</u>, 168 Cal. App. 4th at 1491 (same). The same rationale applies where the inmate has never been found suitable for parole and where the habeas court already has found the evidence before the Board panel insufficient to sustain the unsuitability finding. See <u>In re Burdan</u>, 169 Cal. App. 4th 18, 39, 86 Cal. Rptr. 3d 549 (2008) (rejecting warden's contention that governor should be given opportunity for further review since "'to proceed in accordance with due process of law' [under <u>Rosenkrantz</u>] does not mean the Board, or the Governor, is to be given an opportunity to reconsider the parole decision"). In other words, to allow the Board to re-assess the *same* evidence that the federal habeas court already has found does <u>not</u> provide some evidence of petitioner's current dangerousness is futile.

8

1 (giving Board 30 days); In re McGraw, -- Cal. App. 4th --, 2009 WL 405307, at *6
2 (Feb. 19, 2009) (giving Board 60 days); Gaul,170 Cal. App. 4th at 41 (giving
3 Board 30 days); Singler, 169 Cal. App. 4th at 1245 (giving Board 30 days).

Finally, as for respondent's contention that this Court has no authority to credit petitioner for time spent on parole, the Ninth Circuit has held otherwise:

> The Warden argues that, at a minimum, McQuillion should not be released immediately without an accompanying three-year period of parole. This argument overlooks the fact that if McQuillion had been released on the date to which he was entitled, he would have been released in May 1994. The three-year parole, which he would have been required to serve if he had been released on time, has long since passed.

McQuillion, 342 F.3d at 1015; see also Burnett, 432 F.3d at 1000 (noting that had the Ninth Circuit in McQuillion not ordered the inmate immediately released, it would have been "essentially *lengthening*" his sentence by ordering him to serve a parole term where he already had served more time in prison than his "lawful period of imprisonment and parole combined"); Tripp v. Cate, No. C 07-05748 CW, 2009 WL 248368, at *12 (N.D. Cal. Feb. 2, 2009) (ordering Department of Corrections to calculate parole term based on 2004 suitability finding notwithstanding the fact that inmate was released in 2008).

4. ***Respondent's request for the Court to defer ruling on this matter until issuance of the Mandate in Hayward***

In the last section of Objections, respondent requests that this Court defer ruling on this matter until the final disposition of the en banc rehearing granted in Hayward. Respondent notes that the Ninth Circuit already has "stayed submission of roughly 90 pending cases until the resolution of Hayward," and that several

9

district courts have issued stays in such matters. (See Objs. at 12-13).

Those district courts that have issued stays arguably have done so in contravention of the Ninth Circuit's decision in Yong v. I.N.S., 208 F.3d 1116 (9th Cir. 2000). There, the Ninth Circuit observed that "habeas proceedings implicate special considerations that place unique limits on a district court's authority to stay a case in the interests of judicial economy," and that "[s]pecial solicitude is required because the writ is intended to be a 'swift and imperative remedy in all cases of illegal restraint or confinement.'" Id. at 1120. The Ninth Circuit found that, although considerations of judicial economy are appropriate, they cannot justify an indefinite and potentially lengthy stay of a habeas proceeding. Consequently, the Ninth Circuit ruled that the district court abused its discretion in granting a stay pending a decision by the Supreme Court. See id. at 1120-21. This Court has waited long enough; a decision must issue.

Having made a de novo determination of those portions of the Report and Recommendation to which objections have been made, the Court concurs with and adopts the findings, conclusions, and recommendations of the Magistrate Judge, except with respect to the recommended form of relief as it relates to the issue of credit for parole. Although the Court concurs with the Magistrate Judge that the relief should place petitioner in the same position he would have been in if his due process rights had not been violated (see Burnett v. Lampert, 432 F.3d 996, 1000 (9th Cir. 2005); McQuillion v. Duncan, 342 F.3d 1012, 1015 (9th Cir. 2003); Tripp v. Cate, No. C 07-05748 CW, 2009 WL 248368, at *12 (N.D. Cal. Feb. 2, 2009)), the Court disagrees with the Magistrate Judge's recommended wording of the form of relief.

IT THEREFORE IS ORDERED that:

1. Respondent's request that the Court defer ruling in this matter until the final disposition of Hayward v. Marshall, 512 F.3d 536 (9th Cir.),

reh'g en banc granted, 527 F.3d 797 (2008), is denied. See Yong v. I.N.S., 208 F.3d 1116, 1120-21 (9th Cir. 2000).

2. Judgment be entered granting a writ of habeas corpus as follows: The Board shall find petitioner suitable for parole at a hearing to be held within 30 days of the finality of this decision, unless new evidence of his conduct in prison or change in mental status subsequent to the June 29, 2006 parole consideration hearing is introduced that is sufficient to support a finding that petitioner currently poses an unreasonable risk of danger to society if released on parole; and in the absence of any such new evidence showing petitioner's unsuitability for parole, the Board shall calculate a prison term and release date for petitioner in accordance with California law. Further, if the release date already has passed, respondent shall, within ten (10) days of the Board's hearing, release petitioner from custody. With respect to his presumptive period of parole, petitioner is to be credited for any time that has lapsed since the release date calculated by the Board or November 27, 2006 (when a finding of suitability at the June

11

29, 2006 parole consideration hearing would have become final pursuant to Cal. Penal Code §§ 3041(b) and 3041.2(a)), whichever is later.

Dated: May 30, 2009

*/s/ Stephen G. Larson/*

STEPHEN G. LARSON
UNITED STATES DISTRICT JUDGE